UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MITCHELL WILLIAMS

VERSUS

LOUISIANA, ET AL.

CIVIL ACTION

16-93-SDD-EWD

**RULING ON MOTION TO ALLOW PLAINTIFF TO ATTEND BY TELEPHONE AND MOTION IN THE ALTERNATIVE**

Before the Court is a Motion to Allow Plaintiff to Attend by Telephone and Motion in the Alternative[1] filed by Plaintiff, Mitchell Williams ("Plaintiff"). For the reasons set forth herein, Plaintiff's Motion is DENIED.

On February 12, 2016, Plaintiff filed a "Complaint and Class Action Lawsuit Request for Expedited Review & Injunction" (the "Complaint") in the Middle District of Louisiana.[2] Therein, Plaintiff alleges that he seeks to run for President of the United States and expresses dissatisfaction with write-in procedures for certain states. Specifically, Plaintiff alleges that some states "flatly refused to receive the Plaintiff's Declarations because they don't recognize any write-in vote (New Mexico, Louisiana, Hawaii…)."[3] Plaintiff further alleges that other states "do allow write-in votes but they throw up mile high walls so that most cannot qualify, often involve a petition drive to gather thousands of names of voters in those states. Typical of these walls is the required fileing [sic] in every county of Illinois."[4] Plaintiff argues that "[t]hose states that show a willingness to

---

[1] R. Doc. 8.

[2] R. Doc. 1.

[3] R. Doc. 1, p. 2.

[4] R. Doc. 1, p. 2.

1

Certified Mail

deny anyone free access to their ballot as a write-in candidate are violative of the Freedom of Speech and Equal Protection clauses of the U.S. Constitution."[5]

On April 13, 2016, this Court scheduled a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine whether all or any part of this case should be dismissed as frivolous because (1) the complaint has no realistic chance of ultimate success; or (2) it has no arguable merit in terms of the arguable substance of the claims presented, both in law and in fact; or (3) beyond doubt, the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).[6] That hearing is scheduled to take place on May 16, 2016 at 2:00 p.m. at the Russell B. Long Federal Building and Courthouse, 777 Florida Street, Courtroom 5, Baton Rouge, Louisiana.[7] Notice of the hearing was sent to Plaintiff via certified mail and specified that "failure to appear may result in the dismissal of this action."[8]

Plaintiff now moves the Court for an order allowing him to attend the May 16, 2016 hearing via telephone.[9] In support of his Motion, Plaintiff explains that his "goats must be fed twice per day and he has no worker to do it in his place," his "only drivable car" has significant operational issues, and his "electric bicycle is no faster than normal bicycles and would need recharging every 12 miles."[10] In the alternative to participation by telephone, Plaintiff requests this Court to "assign representation to local lawyers."[11]

---

[5] R. Doc. 1, p. 2.

[6] R. Doc. 6.

[7] R. Doc. 6.

[8] R. Doc. 6.

[9] R. Doc. 8.

[10] R. Doc. 8.

[11] R. Doc. 8.

Despite residing in Florida, Plaintiff chose to file suit in this district. "As a general rule, a plaintiff will be required to make himself available for examination in the forum in which suit was brought." *Birkland v. Courtyards Guest House*, 2011 WL 4738649, at *2 (E.D. La. Oct. 7, 2011). *See also*, *Xavier v. Belfor USA Group, Inc.*, 2009 WL 3231547, at *5 (E.D. La. Oct. 2, 2009) (granting motions to compel plaintiffs to appear at their depositions and stating "[w]hile the Court sympathizes with plaintiffs and recognizes their claims of financial hardship, the Court...cannot ignore that plaintiffs voluntarily submitted themselves to the jurisdiction of this forum."). The Court recognizes that courts in this circuit have previously allowed pro se plaintiffs to participate in *Spears* hearings via telephone. However, in these instances, the pro se plaintiff is incarcerated. *See*, *e.g.*, *Ryan v. Philips*, 2013 WL 1527296 (E.D. La. April 11, 2013) (noting that pro se inmate participated in *Spears* hearing via telephone after being sworn in); *Kron v. LeBlanc*, 2013 WL 823550 (E.D. La. March 6, 2013) (noting Magistrate Judge conducted telephone conference with currently incarcerated pro se plaintiff). Here, Plaintiff has voluntarily submitted himself to this forum, and, unlike an incarcerated individual, does enjoy the freedom to travel hereto.

Additionally, the *Spears* hearing is an opportunity for Plaintiff to further explain his case so that the Court can make a determination about the viability of his claims. This process will be impeded if Plaintiff does not appear in person. Accordingly, Plaintiff's request to appear by telephone at the upcoming *Spears* hearing is, therefore, DENIED.

With regard to Plaintiff's alternative request to "assign representation to local lawyers," the Court treats this as a request for appointment of counsel. Plaintiff is proceeding in forma pauperis.[12] Under 28 USC § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." Under § 1915(e)(1), "federal courts are given the power to request that

---

[12] R. Doc. 5.

3

an attorney represent an indigent plaintiff." *Cole v. Sheriff's Office of Lafayette Parish*, 2011 WL 1752086, *4 (W.D. La. April 6, 2011). However, "the court is not required to make this request in the absence of 'exceptional circumstances.'" *Id.* (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). *See also*, *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982) ("The existence of exceptional circumstances will turn on the quality of two basic factors – the type and complexity of the case, and the abilities of the individual bringing it.").

When determining whether a plaintiff is entitled to have a court request that counsel assist him in suit, numerous factors are considered, including: (1) the type and complexity of the case; (2) whether the indigent plaintiff is capable of adequately presenting his case; (3) whether the indigent plaintiff is in a position to investigate adequately the case; and (4) whether the evidence will consist largely of conflicting testimony so as to require skill in presentation of the evidence and cross examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). Courts should also consider whether appointment of counsel would be a service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Id.* Finally, the court may consider plaintiff's efforts, if any, to secure private counsel. *Id. See also*, *Cole v. Sheriff's Office of Lafayette Parish,* 2011 WL 1752086, *5 (W.D. La. April 6, 2011). The plaintiff "ultimately bears the burden of persuasion as to the necessity of such an appointment." *Margin v. Social Sec. Admin.*, 2009 WL 3673025, *1 (E.D. La. Oct. 28, 2009) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977), *overruled on other grounds*, *Holt v. Ford*, 862 F.2d 850 (11th Cir. 1989)).

The Court notes that Plaintiff appears able to navigate the legal issues specific to his case as well as the procedural rules of this Court. Indeed, Plaintiff has previously filed a successful

4

motion for reconsideration in this matter.[13] Moreover, Plaintiff has not set forth any explanation of any efforts he has undertaken to secure private counsel. In sum, Plaintiff has not met his burden of establishing that this is an "exceptional circumstance" necessitating that the Court appoint an attorney to represent him. Under 28 U.S.C. § 1915(e)(1), Plaintiff's alternative request for the Court to "assign representation to local lawyers," which the Court treats as a request to appoint counsel, is also DENIED.

Accordingly, Plaintiff's Motion to Allow Plaintiff to Attend by Telephone and Motion in the Alternative is DENIED.[14] Plaintiff is again advised that failure to appear at the May 16, 2016 conference in person may result in dismissal of this action without further notice.

Notice of this hearing shall be sent to the plaintiff, Mitchell Williams, at P.O. Box 33, Palatka, FL 32178, by certified mail, return receipt requested. Plaintiff is advised that failure to appear may result in the dismissal of this action.

Signed in Baton Rouge, Louisiana, on May 6, 2016 .

                                                  **ERIN WILDER-DOOMES**
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[13] *See*, R. Docs. 4 & 5.

[14] R. Doc. 8.